YAROCH *v.* LABODY.

1. JURY—DRAWING—PREPARATION OF NAMES—STATUTES.

Statute providing that names of jurors who are to serve at a given term of court shall be written on separate pieces of paper and each piece rolled or folded in the same manner so as to conceal the name thereon *held,* not to have been complied with where such names were put on cards which were neither rolled nor folded so that it was possible to see the name before being drawn from the jury box in case the name-bearing side of the card was lying up (3 Comp. Laws 1929, § 14279).

2. SAME—PANEL—DRAWING—STATUTES.

Where jury panel was exhausted with only 11 jurors found acceptable, by method of selection apparent to the attorneys in the case but not in accordance with the statute and not objected to by them at the time, and adjournment had for 10 days after which the 11 were challenged for cause, such jurors dismissed and their names along with 7 others placed in jury box and new jury selected in statutory manner, challenge for cause of 11 who had previously been selected *held,* properly overruled since it often happens a jury must be drawn from less than a full panel and record fails to show appellants' rights were prejudicially affected by manner in which jury was ultimately drawn (3 Comp. Laws 1929, § 14279).

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —WAIVER.

Testimony of parties to contract *held,* properly excluded as equally within knowledge of plaintiff's late husband except as bar of statute relative to exclusion of such testimony may have been waived (3 Comp. Laws 1929, § 14219).

4. SAME—WAIVER—EVIDENCE.

Contention that bar of statute on testimony as to matters equally within knowledge of deceased was waived by cross-examination of such opposite party *held,* not sustained by record (3 Comp. Laws 1929, § 14219).

5. SAME—RENEWAL OF OFFER AFTER CLAIMED WAIVER.

Failure to renew offer of testimony equally within knowledge of deceased husband of plaintiff, in summary proceeding under land contract, after claimed waiver of statutory bar, precludes the making of refusal of its admission a basis for reversal on appeal (3 Comp. Laws 1929, § 14219).

6. VENDOR AND PURCHASER—SET OFF—QUESTION OF LAW—RECORD.

In summary proceeding under land contract, appealed to circuit court, disposal by circuit judge of items of set off as matters of law without submitting them to jury *held*, sustained by record.

7. SAME—CREDITS—EVIDENCE.

Where testimony as to two items of credits on land contract, made as result of fire insurance losses, conclusively showed that amount of credit was correct, there was no issue to be submitted to jury.

8. APPEAL AND ERROR—OVERWHELMING WEIGHT OF EVIDENCE—SET OFF TO LAND CONTRACT.

No reversible error *held*, to have resulted from not submitting to jury certain items of set off on appeal to circuit court in summary proceedings under land contract because record discloses proof was overwhelmingly against appellants who had acquiesced in application of their funds to payment of other debts.

9. SAME—SUMMARY PROCEEDINGS—SET OFF—FORFEITURE.

On affirmance of judgment for plaintiff in summary proceedings under land contract as rendered by judge upon verdict of jury as to certain items of set off claimed by defendants, defendants are allowed 90 days within which to pay amount due and avoid forfeiture.

10. SAME—SUMMARY PROCEEDINGS—JUDGMENT—UNPAID TAXES—REMAND.

Circuit judge is given authority on remand of case for entry of judgment in summary proceedings under a land contract to minimize the amount fixed by amount of unpaid taxes if found to have been included improperly in judgment.

Appeal from Huron; Boomhower (Xenophon A.), J.  Submitted January 3, 1939.  (Docket No. 13, Calendar No. 39,941.)  Decided April 4, 1939.

Summary proceedings before a circuit court commissioner by Nellie Yaroch against Martin LaBody and wife for restitution of land. Judgment for plaintiff. Defendants appealed to circuit court. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Charles D. Thompson* and *Paul Woodworth,* for plaintiff.

*Kinnane & Manary,* for defendants.

North, J. In 1926, plaintiff and her husband owned certain lands in Huron county as joint tenants. They sold this property on contract to defendants, the total consideration being $8,000, down payment $1,500. Ten subsequent payments were made at irregular intervals and indorsed on the contract. In April, 1933, a new contract for the same property was entered into by the parties, seemingly a substitute for the first contract, covering the unpaid balance but on different terms as to contract payments. The consideration stated in this second contract was $3,250. After the execution of the second contract, Mr. Yaroch died and thereupon Mrs. Yaroch, plaintiff herein, became the sole vendor. Before Mr. Yaroch's death, defendants made the claim that they had not been given credit for the full amount paid on the first contract and that they did not owe as much as the second contract called for; and defendants refused to make further payments until the claimed difference was adjusted. After Mr. Yaroch's death, defendants continued refusing to pay on the contract; and finally plaintiff, claiming defendants were in default, served notice of forfeiture in October, 1935, and thereafter began summary proceedings. From the circuit court commissioner's determination the case was appealed to the circuit court. There was trial by jury, plaintiff had judgment, and defendants have appealed.

Appellants first claim error in the selection of the jury. Section 14279, 3 Comp. Laws 1929 (Stat. Ann., § 27.1008), provides that the names of the jurors who are to serve at a given term of court shall be written on separate pieces of paper and each piece rolled or folded in the same manner, as near as may be, so that the name written thereon shall be concealed. This was not done in the Huron county circuit court. Instead, the jurors' names were typewritten on the regular jury cards, and one of these cards was cut up into pieces, "as uniform as possible," and the pieces deposited in the jury box without being folded or rolled. The clerk of the court testified that while he had never done so, it was possible, in the event the name-bearing side of the card was lying up, to see the name of the juror before the card was drawn from the box. Obviously the plan used did not meet the statutory requirements.

On the first day these parties and their attorneys were in circuit court, the drawing of the jury resulted in exhausting the panel with only 11 jurors found to be acceptable. During all of this proceeding, the method of drawing the jury, as the circuit judge stated in passing upon defendants' motion for a new trial, must have been plainly apparent to the attorneys in the case; because as the name of each juror was drawn, the card upon which it was written was openly laid upon the clerk's desk. No complaint was made or objection raised. In fact, appellants were willing to go to trial with the 11 jurors, but plaintiff would not consent. Circumstances necessitated the adjournment of the case for 10 days. During this time additional jurors were summoned. At the opening of court on the adjourned day, appellants' counsel promptly objected to the manner in which the 11 jurors, who

appeared to be acceptable, had been drawn. In the absence of the jury he made a motion "objecting to the entire array of jurors and to ask that the 11 that have been tentatively selected in this case be dismissed for the reason that they have not been properly selected and drawn." After consultation with counsel and making a record as to what the procedure had been, the court dismissed the 11 jurors selected, directed that their names together with those of the other jurors summoned be placed on properly folded pieces of paper and put in the jury box, and that the jury be drawn therefrom. Appellants' counsel objected to this procedure on the ground that it compelled the drawing of the jury from less than a full panel, there then being available only seven jurors in addition to the 11 who had previously been called and examined.

The record is not at all satisfactory in that it does not give details as to what followed incident to the selection and swearing of the new jury. It does appear that appellants' counsel challenged for cause the whole of the 11 jurors who had previously been called to the jury chairs but subsequently excused and their names again placed in the jury box together with those of other jurors summoned. No other ground in support of the challenge for cause was assigned by appellants' counsel than that hereinbefore noted. It was properly overruled. There is nothing in this record which shows appellants' rights were in any way prejudicially affected by the jury having been secured in the manner in which it was drawn on the adjourned day. It often happens that a jury must be drawn from less than a full panel. Appellants' appeal on this ground is not well founded.

Appellants assert the trial judge committed prejudicial error in excluding or striking from the record

testimony sought to be given by Mr. LaBody and Mrs. LaBody, such ruling being on the ground that the proffered testimony was equally within the knowledge of Mr. Yaroch, deceased, 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914). Notwithstanding appellants' contention to the contrary, we think it appears in each instance the excluded testimony was a matter equally within the knowledge of Mr. Yaroch in his lifetime. Hence the ruling was correct unless, as is claimed by appellants, the bar of the statute was waived by appellee. It is appellants' contention that there was waiver by appellee's cross-examination of Mrs. LaBody. This contention is not sustained by the record. Appellants also claim a waiver of the statutory bar by plaintiff's having offered in her behalf the testimony of a Mr. Finan, who appellants claim was plaintiff's agent in the transactions involved in this suit. The difficulty with appellants' claim of waiver in this particular (even if we were to hold that Finan was plaintiff's agent) is that the court's ruling as to the testimony of Mr. and Mrs. LaBody was made before any of Finan's testimony came into this record on the basis of which appellants now assert there was a waiver of the statutory provision. Appellants did not thereafter renew the offer of any of the excluded testimony. The rulings of the court excluding testimony on the ground that it was equally within the knowledge of the deceased were correct when made. Since appellants did not renew their offer of this testimony subsequently to the claimed waiver by appellee, it cannot be made the basis of reversal on appeal.

Another ground of error asserted by appellants is that the trial judge did not submit to the jury all of the items in their bill of particulars. Defendants' amended bill of particulars contains 17 items, total-

ing $4,732.64. At the time of trial in circuit court, plaintiff claimed the amount past due and unpaid on the land contract was $4,099.87. The trial court, instead of submitting each of defendants' 17 items of set-off, submitted to the jury only 7 of them. The court was not in error in holding that as to the remaining items there was no issue to be submitted to the jury and that the court should dispose of them as matters of law. There is no merit to appellants' contention that the remaining items asserted by them "should have been submitted to the jury on the question of the veracity of the explanations of (the witness) Finan." The record is such that it sustains the trial judge in disposing of the other items as presenting only questions of law.

In this portion of their brief, appellants particularly complain of the trial court's refusal to submit items number 14 and number 15 of the bill of particulars, amounting respectively to $499 and $551.75, for which they claim they should have been credited on their land contract. The following facts are explanatory. During the period covered by this contract there were two fires on the premises. First the house was burned and the insurance adjusted at $2,500; of this amount, $1,300 was credited on the contract. Afterwards a fire destroyed the barn and the insurance thereon was adjusted at $1,951.75; of this, $1,600 was applied on the contract purchase price. In each instance the check for the insurance money passed through the hands of the witness, Harold Finan, who was the cashier of the Port Austin State Bank. From his testimony it appears that after each of these items was received the respective parties were at the bank and the proceeds of the insurance checks were used in part to meet other obligations of the defendants, rather than being applied in full on plaintiff's contract. The

testimony conclusively shows that the amount credited on the land contract in each instance from the insurance money was correct. In these particulars there was no issue to be submitted to the jury.

As to these two items of their bill of particulars, defendants again stress the claim that the court erred in refusing to permit either of the defendants to testify as to a matter equally within the knowledge of Mr. Yaroch, deceased. As hereinbefore indicated, the court's ruling at the time it was made was correct. At that stage of the trial there had been no waiver of the statute; and since defendants did not thereafter renew their offer of the testimony, they cannot now be heard to complain.

Appellants assert there is conflicting testimony as to some of the items claimed by them and which were not submitted to the jury. Examination of the record discloses as to such items the proof is so overwhelmingly against appellants that we are convinced of the justice of the result, and hence in this particular there is no reversible error. 3 Comp. Laws 1929, § 15518 (Stat. Ann. § 27.2618). In this connection it may be noted that each of the items for which appellants claim credit arises out of a transaction which antedated the second contract between these parties in April, 1933; and each of these transactions was consummated many months, some, several years, before Mr. Yaroch's death. Neither he nor defendants were well educated. All were Polish people. Defendants could neither read nor write. Both parties left their contracts at the Port Austin State Bank of which witness Finan was cashier. He assisted these parties without compensation in working out the details and making proper records, indorsements, et cetera, incident to the various transactions. For the most part, the funds which passed through the bank were the proceeds from

sales of appellants' crops. LaBody was a customer of the bank. He gave it chattel mortgages and many notes for borrowed money. These and other of LaBody's debts, aside from this contract obligation, were adjusted by Finan's applications of LaBody's money. It is now too late for LaBody to profit by his claim that in some of these transactions which antedated plaintiff's present contract he directed Finan, who was acting for him, to apply certain moneys on the Yaroch contract, but instead of doing so Finan paid other of LaBody's obligations with his money. LaBody long ago had the benefit of such payments on other of his debts; and his now belated claim that he should again be credited with such payments on the Yaroch contract is without merit.

We have given consideration to other assignments of error, but find them to be without merit. Seven of the items of defendants' bill of particulars, totaling $684.10, were submitted to the jury. The jury found in defendants' favor as to two of these items, amounting to $351.09. This resulted in a verdict that there was past due and unpaid on plaintiff's contract $3,748.78. Plaintiff had judgment accordingly. This judgment is affirmed, with costs to appellee; but appellants will be given 90 days from the date of filing this opinion within which to pay the amount found due and thereby avoid forfeiture. Decision in this court is without prejudice to the right of the circuit judge to minimize the amount fixed, if, as defendants have claimed, an item of unpaid taxes in the sum of $263.61 is improperly included therein.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.